R. L. POND V. ALBERT MATHESON ET AL.

No. 6544.   Decided June 24, 1933.
(62 S. W., 2d Series, 654.)

*Norman Coffee,* of Stinnett, and *Cooper & Lumpkin,* of Amarillo, for appellant.

*Joe H. Aynesworth,* of Borger, for appellee.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The Court of Civil Appeals for the Seventh District has transmitted to this Court a certificate by the Judge of the 84th District Court of Huchinson County requesting the advice of the Court as to the validity of a recent Act of the Legislature, known as the Judicial Extension or Moratorium Act, and being House Bill No. 231, Acts of the 43d Legislature, effective May 1, 1933.

The certificate and accompanying agreement of counsel show that in November, 1932, the plaintiff filed suit in the District Court seeking to recover principal, interest, and attorney's fees due upon a note, together with foreclosure of a vendor's lien on land, the suit being against the defendants, Matheson and others.  Service was had, and on the 14th day of April, 1933, the case came on for trial, and judgment was lawfully rendered in favor of the plaintiff against the defendants, Matheson and Board, for the amount of the note, principal, interest, attorney's fees, and costs of suit, "together with a foreclosure of the plaintiff R. L. Pond's vendor's lien upon the above mentioned and described land as the same existed on October 24, 1929."

After more than twenty days from the rendition of the judgment, the plaintiff in that action caused an order of sale to issue on the judgment, by virtue of which the sheriff seized

and levied upon the property and advertised the same to be sold on the first Tuesday in June, 1933, being the 6th day of the month; the levy, advertisement, etc., being within the terms and conditions provided by law. On the 3d day of June, 1933, the defendant Board filed in this cause, in keeping with the Act of the 43d Legislature, known as House Bill No. 231, the Moratorium or Judicial Extension Law, a motion or application praying that the execution of the order of sale be suspended for a period of 180 days from and after the first day of May, 1933. This motion or application sets forth all of the requisites provided in the Moratorium Act. In response to this motion or application, the plaintiff, Pond, filed a general demurrer, as well as special exceptions, general denial, and special answer. By the terms of the general demurrer and special exceptions it was contended that House Bill No. 231, the Judicial Extension Act, was, and is, unconstitutional. The court upon hearing the evidence found that all of the allegations contained in the motion or application for stay were made in keeping with the terms of the Moratorium Act. However, being uncertain as to whether this Act was constitutional, the judge suspended the order of sale set for June 6th, and certified the constitutionality of the Act to the Court of Civil Appeals before finally himself determining the question. The question is now in the Supreme Court, as we have previously stated.

It is obvious from the record that the trial court has not entered any decree, judgment, or order in the instant case from which an appeal may be had to the Court of Civil Appeals. The effect of the certified question from the District Court is to request the Court of Civil Appeals, and consequently this Court, to advise the District Judge how to try the law suit that is pending in the District Court. In no respect is either the Court of Civil Appeals or the Supreme Court requested to exert its appellate power to modify, affect, or reform any order, judgment, or decree of the District Court.

We have today reviewed at some length Senate Bill No. 173, recently enacted for the Forty-third Legislature, authorizing certificates of the character of the one before us from the District Courts to Courts of Civil Appeals, and from Courts of Civil Appeals to the Supreme Court. In the case referred to,— namely, Morrow v. Corbin, this day decided, 122 Texas, 553, 62 S. W. (2d) 641, we held that said Senate Bill No. 173, Acts of the 43d Legislature, in so far as involved in the case before us, and in so far as involved in the instant case, was unconstitutional and void, and that the certificate issued by the District

Judge was insufficient to confer jurisdiction upon the Court of Civil Appeals or upon the Supreme Court. The case is directly in point, and controls our decision in the instant case.

The Act of the Legislature by virtue of which the District Judge issued the certificate being unconstitutional and void, neither the Court of Civil Appeals nor this Court has jurisdiction to answer the question certified by the District Judge, and it is our duty under Rule 17, Rules of the Supreme Court, to dismiss the certificate, which is accordingly done.